Filed 11/9/20  P. v. Grady CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>ANDRE MARCEL GRADY,<br><br>Defendant and Appellant. | F079279<br><br>(Super. Ct. No. F18903386)<br><br>**OPINION** |

### THE COURT*

APPEAL from a judgment of the Superior Court of Fresno County.  Michael G. Idiart, Judge.

Randall Conner, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Catherine Chatman and Harry Joseph Colombo, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

\*      Before Detjen, Acting P.J., Franson, J. and Peña, J.

Defendant Andre Marcel Grady stands convicted of forcible sexual penetration and sexual battery by restraint. He contends on appeal that the trial court abused its discretion in refusing to dismiss his prior felony "strike" conviction for purposes of the "Three Strikes" law. The People disagree. We affirm.

## PROCEDURAL SUMMARY

On May 22, 2018,[1] the Fresno County District Attorney charged defendant with sexual penetration by force (Pen. Code, § 289, subd. (a)(1)(A);[2] count 1), attempted forcible rape (§§ 261, subd. (a)(2), 664; count 2), assault with a deadly weapon (§ 245, subd. (a)(1); count 3), two counts of making criminal threats (§ 422; counts 4 & 8), assault with intent to commit rape (§ 220, subd. (a)(1); count 5), attempted forcible oral copulation (§§ 288a, subd. (c)(2)(A), 664; count 6), and sexual battery by restraint (§ 243.4, subd. (a); count 7). The complaint further alleged defendant had suffered a prior strike conviction within the meaning of the Three Strikes law (§§ 667, subds. (b)–(i), 1170.12, subds. (a)–(d)).

On February 21, 2019, defendant pled no contest to counts 1 and 7, and admitted the prior strike conviction. The trial court dismissed the remaining counts on the prosecutor's motion.

On April 22, 2019, the date scheduled for sentencing, defendant raised a *Romero*[3] motion, requesting that the trial court dismiss the prior strike conviction allegation for purposes of the Three Strikes law. The prosecutor opposed the motion. The court denied defendant's motion and sentenced him to 14 years' imprisonment as follows: on count 1, 12 years (the middle term of six years doubled due to the prior strike conviction); on

---

[1]    All further dates refer to the year 2018 unless otherwise stated.

[2]    All further statutory references are to the Penal Code.

[3]    *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497 (*Romero*).

2

count 7, two years (the middle term of one year doubled due to the prior strike conviction), to be served consecutively to the sentence on count 1.

On May 16, 2019, defendant filed a notice of appeal.

### **FACTUAL SUMMARY[4]**

On March 7, the victim lived in a tent near her mother's residence. She fell asleep at about 11:00 p.m. and slept until about 6:30 a.m. the following morning when she heard defendant open the flap to her tent. Defendant entered the tent, closed the flap behind him, and told her to be quiet and not to " 'try to do anything smart' " or he would stab her. Defendant removed a folding knife from his jacket pocket and told the victim to orally copulate him, but she refused. Defendant then forced the victim to undress and digitally penetrated her vagina. He then placed a knife to the victim's neck, told her he was going to have sex with her, and again told her to orally copulate him. When the victim again refused to orally copulate defendant, he grabbed her head scarf and began to choke her with it. Defendant positioned himself on top of the victim and unsuccessfully attempted to vaginally penetrate the victim three times before he ejaculated on her legs. Defendant then fled.

The victim called 911 to report the assault. Law enforcement officers noted a "nickel-sized" cut or stab wound on the victim's neck.

On May 17, at about 5:00 a.m., the victim was sleeping in her tent when she was awakened by a loud "scuffling sound." Defendant cut a hole in the victim's tent, climbed through the hole, fell on to the victim, and caused the tent to collapse. Defendant held a knife, masturbated himself, and pushed the victim onto her back. He threatened to stab her if she did not open her mouth. The victim attempted to move away and defendant

---

**4**     Pursuant to *People v. West* (1970) 3 Cal.3d 595, 613, defendant did not admit a factual basis for his no contest pleas. This factual summary is drawn from the presentence report created by the probation officer.

ejaculated on her chest.  Defendant then fled and was pursued by one of the victim's friends who was ultimately unable to detain him.

On May 19, defendant was arrested.  He told officers that he had sex with the victim a couple of months prior to his arrest.  He also told officers that, on May 17, the victim orally copulated him, he paid her $20, and then left.

Officers searched defendant's cellular phone and discovered a video from March 8 depicting defendant giving directions to the victim as she orally copulated him.

## DISCUSSION

### I.     *Romero* Motion

Defendant contends that the trial court abused its discretion in denying his *Romero* motion to dismiss his prior strike conviction because his prior strike conviction was remote in time, he suffered only two felony convictions after his strike conviction, he lived a "crime-free life after his release from custody in 2000," and he suffered from an untreated substance abuse disorder.  The People disagree, as do we.

### A.     Background

Defendant filed a *Romero* motion, arguing that the prior strike conviction should be dismissed because the current offense was "relatively minor," the prior strike conviction occurred in 1991—nearly 28 years before the charged offenses—and was therefore remote in time, the nature and circumstances of the prior offense were mitigating, defendant's criminality resulted from his substance abuse disorder, and circumstances in mitigation of the present offense existed under rule 4.423 of the California Rules of Court.  The prosecutor opposed that motion.

The trial court heard argument on the *Romero* motion.  Defendant acknowledged in his argument that the present offense was not "relatively minor."  In addition to the reasons presented in the written motion, defense counsel argued that defendant acknowledged his involvement at an early stage.  The prosecutor argued the prior strike

4

should not be dismissed because the present offense was serious, defendant did not present any facts regarding the circumstances of the prior strike offense, and defendant violated probation on the prior strike conviction by committing a new offense.

The trial court denied the *Romero* motion. It noted that, "although the robbery strike [was] aged, … [defendant committed more offenses] shortly thereafter[,]" and committed the present serious offense.

## B.     Analysis

Section 1385 empowers a trial court to "order an action to be dismissed" in furtherance of justice, on its own or the prosecution's motion. (§ 1385, subd. (a).) Our Supreme Court held in *Romero, supra*, 13 Cal.4th 497, that a trial court has discretion under section 1385 to dismiss a prior strike when the court finds a defendant falls outside the spirit of the Three Strikes law. (*Romero*, at pp. 529–530.) In deciding whether to exercise this discretion, the court "must consider whether, in light of the nature and circumstances of his present felonies and prior serious and/or violent felony convictions, and the particulars of his background, character, and prospects, the defendant may be deemed outside the scheme's spirit, in whole or in part, and hence should be treated as though he had not previously been convicted of one or more serious and/or violent felonies." (*People v. Williams* (1998) 17 Cal.4th 148, 161 (*Williams*); accord, *People v. Johnson* (2015) 61 Cal.4th 674, 688–689.)

A trial court's "refusal or failure to dismiss or strike a prior conviction allegation under section 1385 is subject to review for abuse of discretion." (*People v. Carmony* (2004) 33 Cal.4th 367, 375 (*Carmony*).) "[A] trial court does not abuse its discretion unless its decision is so irrational or arbitrary that no reasonable person could agree with it." (*Id*. at p. 377.) The Three Strikes law establishes that not striking a prior strike is the norm, and there is a "strong presumption that any sentence that conforms to the[ ] sentencing norm[ ] is both rational and proper." (*Id*. at p. 378.) "Where the record is

5

silent [citation] or '[w]here the record demonstrates that the trial court balanced the relevant factors and reached an impartial decision in conformity with the spirit of the law,' " we are required to affirm the trial court's ruling, " 'even if we might have ruled differently in the first instance.' " (*Ibid.*)

Here, the trial court's decision was not "so irrational or arbitrary that no reasonable person could agree with it." (*Carmony*, *supra*, 33 Cal.4th at p. 377.) Defendant's arguments do not convince us to the contrary.

First, despite defendant's argument to the contrary, his criminal history was serious and did not weigh in favor of his *Romero* motion. (*Williams*, *supra*, 17 Cal.4th at p. 161.) Defendant's criminal history included at least four felony offenses between 1991 and 1995: a 1991 strike conviction for robbery, (§ 211), 1993 convictions in Kentucky for assault causing extreme emotional distress and wanton endangerment, and a 1995 conviction for burglary. Further, defendant violated felony probation granted on the 1991 robbery conviction by committing the new offenses in 1993. His criminal history was significant, included a violent offense, and suggested he was a risk to the community. In short, defendant's criminal history did not suggest he fell outside the spirit of the Three Strikes law.

Second, the fact that defendant's prior strike conviction occurred roughly 28 years prior to his sentencing in this matter does not undermine our conclusion. "In determining whether a prior conviction is remote, the trial court should not simply consult the Gregorian calendar with blinders on." (*People v. Humphrey* (1997) 58 Cal.App.4th 809, 813 (*Humphrey*); see *People v. Solis* (2015) 232 Cal.App.4th 1108, 1124 [a prior strike conviction is not properly stricken merely because it is 30 years old].) "To be sure, a prior conviction may be stricken if it is remote in time. In criminal law parlance, this is sometimes referred to as 'washing out.' [Citations.] The phrase is apt because it carries the connotation of a crime-free cleansing period of rehabilitation after a defendant has

6

had the opportunity to reflect upon the error of his or her ways." (*Humphrey*, at p. 813.) Here, as noted, defendant did not live a " 'legally blameless life' " after his 1991 strike prior—he was convicted of a felony offense while on probation in 1993, then committed another felony offense when he was released from custody. Although defendant's prior strike was aged and defendant was convicted of no crimes between his release from custody in 2000 and his conviction for the present offense, the remoteness in time of the prior strike, standing alone, was not so significant that defendant necessarily fell outside the spirit of the Three Strikes law.

Third, defendant contends that the trial court gave inadequate weight to his substance abuse history as a mitigating factor. We disagree. The trial court stated that it read defendant's motion, which identified defendant's substance abuse as a cause of his criminality and a reason to strike his prior strike conviction. The trial court also reviewed the presentence report, which detailed defendant's substance abuse history—defendant used alcohol and marijuana daily, methamphetamine for a one-week binge every month, and cocaine, Vicodin, and Norco sporadically. Despite his long substance abuse history—predating his 1991 strike conviction—defendant had never participated in any treatment. Defendant's nearly lifelong history of untreated substance abuse did not necessarily weigh in favor of striking his prior strike conviction. (*Carmony*, *supra*, 33 Cal.4th at pp. 378–379 [the defendant's unaddressed substance abuse problem weighed against striking his prior strike conviction].) We cannot conclude that the trial court's refusal to strike defendant's prior strike conviction on that basis was irrational or arbitrary.

Fourth, the nature of the present offenses was very serious. Defendant sexually assaulted the homeless victim on two separate occasions. In both assaults, defendant used a knife, and in one of those assaults, defendant cut the victim. Defendant engaged in serious and dangerous crimes that are not outside the spirit of the Three Strikes law.

7

Moreover, defendant had committed violent offenses in the past—he was previously convicted of an assault offense, suggesting " 'that [defendant] had been taught, through the application of formal sanction, that [such] criminal conduct was unacceptable—but had failed or refused to learn his lesson.' " (*Williams*, *supra*, 17 Cal.4th at p. 163.) The nature and circumstances of the present offense weighed against striking defendant's prior strike conviction because they did not suggest a minor stumble in an otherwise rehabilitated and crime-free life. (*Humphrey*, *supra*, 58 Cal.App.4th at p. 813.) As the trial court emphasized, the seriousness of the present offenses weighed against striking defendant's prior strike conviction.

On the record before us, the trial court's determination that the prior strike did not fall outside of the spirit of the Three Strikes law was not irrational or arbitrary and therefore did not constitute an abuse of discretion.

## DISPOSITION

The judgment is affirmed.